## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHEN H. OLESKEY, <br><br> ON BEHALF OF GUANTANAMO DETAINEES LAKHDAR BOUMEDIENE; MOHAMED NECHLA; MUSTAFA AIT IDIR; SABER LAHMER; HADJ BOUDELLA; BELKACEM BENSAYEH, <br><br>      Plaintiff, <br><br>    v. <br><br> UNITED STATES DEPARTMENT OF DEFENSE and UNITED STATES DEPARTMENT OF JUSTICE, <br><br>      Defendants | Civil Action No. 05-10735 RGS |

## ANSWER

Defendants United States Department of Defense and United States Department of Justice, by and through their undersigned attorneys, hereby answer the Complaint of the plaintiff, Stephen H. Oleskey, on Behalf of Guantanamo Detainees Lakhdar Boumediene; Mohamed Nechla; Mustafa Ait Idir; Saber Lahmer; Hadj Boudella; and Belkacem Bensayeh, as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted, as any withholdings that defendants may make are proper. See 5 U.S.C. § 552(b).

### SECOND DEFENSE

The Court lacks subject matter jurisdiction over plaintiff's request for relief that exceeds the relief authorized by statute under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

### THIRD DEFENSE

The Court lacks jurisdiction of this matter under the Administrative Procedure Act, 5 U.S.C. §701-706, because the FOIA, 5 U.S.C. § 552, provides an adequate alternative remedy.

### FOURTH DEFENSE

Plaintiff has not alleged a sufficient factual and/or legal basis for its claim for costs and attorneys' fees.

### FIFTH DEFENSE

Answering specifically in response to the numbered paragraphs of the Complaint, using the same paragraph numbering, defendants answer the Complaint as follows:

1. Paragraph 1 of the Complaint constitutes plaintiff's characterization of this action, to which no response should be required.

2. Admit that, on September 28, 2004, plaintiff submitted requests for documents under the FOIA to the Department of Defense and Department of Justice, and defendants respectfully refer the Court to those requests for a complete and accurate statement of their contents.

3. Paragraph 3 of the Complaint constitutes plaintiff's characterization of his FOIA requests to which no response is required, and defendants respectfully refer the Court to those requests for a complete and accurate statement of their contents.

4. Admit that there have been news stories regarding the treatment of detainees held at the United States Naval Base, Guantanamo Bay, Cuba, and the rendition of detainees to other countries; the remaining allegations in the first sentence and the allegations in the second sentence of paragraph 4 constitute plaintiff's characterizations of these news stories, to which no response is required, and defendants respectfully refer the Court to those news stories for a complete and accurate statement of their contents. Deny knowledge or information sufficient to form a belief as to the allegations in

the third sentence of paragraph 4. Admit that plaintiff asked that his FOIA requests receive expedited processing; the remaining allegations in the fourth sentence of paragraph 4 constitute plaintiff's characterizations of the reason why he requested expedited processing, to which no response is required, and defendants respectfully refer this Court to plaintiff's requests for expedited processing for a complete and accurate statement of their contents. Deny the allegations in the fifth sentence of paragraph 4. The sixth sentence of paragraph 4 constitutes plaintiff's characterization of the importance of his FOIA requests to which no response is required.

     5. Admit that the Department of Defense granted plaintiff's request for expedited processing in October 2004, that the Department of Justice has not granted nor denied plaintiff's request for expedited processing, and that, to date, no responsive records have been released; deny the remaining allegations in paragraph 5.

     6. Admit that plaintiff seeks an injunction in this action; the remaining allegations in paragraph 6 are plaintiff's characterization of this action to which no response is required.

     7. Paragraph 7 of the Complaint contains plaintiff's legal conclusions regarding jurisdiction and venue for this action, to which no response is required.

     8. Paragraph 8 of the Complaint contains plaintiff's characterization regarding his residence, occupation, place in which he is licensed to practice law, and the identity and location of his law firm, to which no response is required; to the extent a response is required, admit that, according to the information available at (http://www.wilmerhale.com), plaintiff is an attorney whose bar admissions include Massachusetts, that he is a partner in the firm Wilmer Cutler Pickering Hale and Dorr LLP, and that one of the offices for that firm is located at 60 State Street, Boston, Massachusetts, 02109; deny knowledge or information sufficient to form a belief as to the allegations in paragraph 8 of the Complaint.

9.  Admit the allegations in paragraph 9 of the Complaint.

10.  Admit the allegations in paragraph 10 of the Complaint.

11-29.  Paragraphs 11 through 29 of the Complaint constitute plaintiff's characterization of the identities and backgrounds of the six Guantanamo Detainees whom he represents, the treatment they allegedly have received while detained at the United States Naval Base, Guantanamo Bay, Cuba, and the legal actions taken by plaintiff in representing the six Guantanamo Detainees, to which no response is required because these paragraphs do not comply with Fed. R. Civ. P. 8(a)(2)'s command that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," inasmuch as a FOIA requester, as a general rule, is not required to justify or explain their reason(s) for making a FOIA request.  National Archives & Records Admin. v. Favish, 541 U.S. 157, 172 (2004).

30.  Admit that on September 28, 2004, plaintiff filed FOIA requests with defendants; the remainder of paragraph 30 constitutes plaintiff's characterization of his FOIA requests to which no response is required, and defendants respectfully refer the Court to those requests for a complete and accurate statement of their contents.

31.  The first sentence of paragraph 31 constitutes plaintiff's characterization of his FOIA requests to which no response is required, and defendants respectfully refer the Court to those requests for a complete and accurate statement of their contents.  Admit the second sentence of paragraph 31.

32.  Paragraph 32 constitutes plaintiff's characterization of his FOIA requests to which no response is required, and defendants respectfully refer the Court to those requests for a complete and accurate statement of their contents.

33. Paragraph 33 constitutes plaintiff's characterization of a letter addressed to him and dated October 6, 2004, from C.Y. Talbott, Chief, Office of Freedom of Information and Security Review, Department of Defense, to which no response is required, and defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

34. Paragraph 34 constitutes plaintiff's characterization of a letter addressed to him and dated November 8, 2004, from Jean Carrillo, Lieutenant, U.S. Navy Adjutant General, United States Southern Command, Department of Defense, to which no response is required, and defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

35. Paragraph 35 constitutes plaintiff's characterization of a telephone conversation between one of his colleagues and Mary Wahling, Office of Freedom of Information and Security Review, Department of Defense, to which no response is required, and defendants respectfully refer the Court to that conversation for a complete and accurate statement of its contents.

36. Paragraph 36 constitutes plaintiff's characterization of his letter dated March 4, 2005, and addressed to Mary Wahling, Office of Freedom of Information and Security Review, Department of Defense, to which no response is required, and defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

37. Paragraph 37 constitutes plaintiff's characterization of a letter addressed to him and dated October 22, 2004, from Ronald L. Deacon, Director, Facilities and Administrative Services Staff, Justice Management Division, Department of Justice, to which no response is required, and defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

38. Admit the allegations in paragraph 38 of the Complaint.

39. In response to paragraph 39 of the Complaint, defendants incorporate their responses to paragraphs 1 through 38 as though set forth fully herein.

40. Paragraph 40 states conclusions of law to which no response is required; to the extent that a response is required, defendants deny the allegations.

41. In response to paragraph 41 of the Complaint, defendants incorporate their responses to paragraphs 1 through 40 as though set forth fully herein.

42. Paragraph 42 states conclusions of law to which no response is required; to the extent that a response is required, defendants deny the allegations.

43. In response to paragraph 43 of the Complaint, defendants incorporate their responses to paragraphs 1 through 42 as though set forth fully herein.

44. Paragraph 44 states conclusions of law to which no response is required; to the extent that a response is required, defendants deny the allegations.

45. In response to paragraph 45 of the Complaint, defendants incorporate their responses to paragraphs 1 through 44 as though set forth fully herein.

46. Paragraph 46 states conclusions of law to which no response is required; to the extent that a response is required, defendants deny the allegations.

The remainder of the Complaint constitutes plaintiff's prayer for relief to which no response is required. Insofar as a response may be deemed to be required, defendants deny that plaintiff is entitled to the relief prayed for in this action or to any relief whatsoever. Defendants further specifically deny all of the allegations of the Complaint not previously otherwise answered.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:  /s/ Mark T. Quinlivan
       MARK T. QUINLIVAN
       Assistant U.S. Attorney
       United States Attorney's Office
       John Joseph Moakley U.S. Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA 02210
       617-748-3606

Dated: June 1, 2005