UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN H. OLESKEY, <br><br> ON BEHALF OF GUANTANAMO DETAINEES <br> LAKHDAR BOUMEDIENE; <br> MOHAMED NECHLA; MUSTAFA AIT IDIR; <br> SABER LAHMER; HADJ BOUDELLA; <br> BELKACEM BENSAYEH, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF DEFENSE and UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendants | Civil Action No. 05-10735 RGS |

## NOTICE OF FILING OF ORDER

Pursuant to the Court's instructions at the Scheduling Conference of Jul 28, 2005, defendants United States Department of Defense and United States Department of Justice hereby provide notice to the Court of the filing of the Order dated March 22, 2005, of the United States District Court for the Southern District of New York in <u>American Civil Liberties Union, et al.</u> v. <u>Department of Defense, et al.</u>, No. 04-CV-4151 (AHK), in which the Hon. Alvin K. Hellerstein orders, *inter alia*, that the Department of Defense process 8,000 pages of responsive documents every fifteen days, with service of the documents to be released to occur on the 15th and last days of every month. A copy of the Order is attached hereto.

         Respectfully submitted,

         MICHAEL J. SULLIVAN
         United States Attorney

By: /s/ Mark T. Quinlivan
         MARK T. QUINLIVAN
         Assistant U.S. Attorney
         John Joseph Moakley U.S. Courthouse
         One Courthouse Way, Suite 9200
         Boston, MA 02210
         617-748-3606

Dated: August 1, 2005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/22/05

AMERICAN CIVIL LIBERTIES UNION, CENTER FOR
CONSTITUTIONAL RIGHTS, PHYSICIANS FOR HUMAN
RIGHTS, VETERANS FOR COMMON SENSE AND
VETERANS FOR PEACE,

Plaintiffs,

v.

DEPARTMENT OF DEFENSE, AND ITS COMPONENTS
DEPARTMENT OF ARMY, DEPARTMENT OF NAVY,
DEPARTMENT OF AIR FORCE, DEFENSE INTELLIGENCE
AGENCY; DEPARTMENT OF HOMELAND SECURITY;
DEPARTMENT OF JUSTICE, AND ITS COMPONENTS
CIVIL RIGHTS DIVISION, CRIMINAL DIVISION, OFFICE
OF INFORMATION AND PRIVACY, OFFICE OF
INTELLIGENCE, POLICY AND REVIEW, FEDERAL
BUREAU OF INVESTIGATION; DEPARTMENT OF STATE;
AND CENTRAL INTELLIGENCE AGENCY,

Defendants.

CIVIL ACTION
DOCKET NO. 04-CV-4151 (AKH)

**ORDER**

THIS MATTER having come before the Court for a status conference on March 4, 2005, and in the presence of counsel for the Plaintiffs (Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C. by Megan E. Lewis, Esq.) and for the Defendants (Sean Lane, Assistant United States Attorney, and Peter Skinner, Assistant United States Attorney), and the Court having considered the submissions of the parties and the arguments of counsel, and for good cause shown, **IT IS** on this 22 day of March, 2005, **ORDERED** that:

(1) Defendant Department of Defense ("DOD") will process 8,000 pages of responsive documents every fifteen days. Documents to be released will be served by the Government on

the 15th and last day of each month, with the parties to work out a schedule for the month of March;

(2) On or before April 15, 2005, as per the Court's February 2, 2005 Order, Defendant Central Intelligence Agency ("CIA") will complete processing of the investigative files in the Office of the Inspector General;

(3) On or before April 4, 2005, the Federal Bureau of Investigation ("FBI") will produce a declaration, as specified in <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), stating the justification for the non-production or redaction of sixty percent of the documents withheld or redacted, and on or before April 19, 2005, the FBI will produce a declaration stating the justification for the non-production or redaction of the balance of the documents, except the FBI is not required to justify withholdings or redactions made under the following FBI exemption codes: (b)(2)-1, 2, 4, 5, 6, 7 and 8; (b)(6)-1; (b)(6)-2, 3, 4 and 5 insofar as these exemptions are relied upon to redact the names of individuals other than policymakers; (b)(7)(C)-1 and 2 insofar as these exemptions are relied upon to redact the names of individuals other than policymakers; (b)(7)(C)-3, 4 and 5 insofar as these exemptions are relied upon to redact the names of individuals; (b)(7)(D)-1, 2 and 3 insofar as these exemptions are relied upon to redact the names of individuals; (b)(7)(E)-2; and (b)(7)(F)-1 insofar as this exemption is relied upon to redact the names of individuals.

Hon. Alvin K. Hellerstein, U.S.D.J.