UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10735-RGS

STEPHEN OLESKEY

v.

UNITED STATES DEPARTMENT OF DEFENSE, et al.

MEMORANDUM AND ORDER ON
PLAINTIFF'S FOIA REQUEST

August 22, 2005

STEARNS, D.J.

On July 28, 2005, after hearing argument on plaintiff Stephen Oleskey's[1] Freedom of Information Act (FOIA) request, the court ordered plaintiff to identify any requested material that is not a subject of the March 22, 2005 Document Production Order entered by Judge Alvin Hellerstein in American Civil Liberties Union, et al. v. Department of Defense, et al., No. 04-4151-AHK, a related case pending in the Southern District of New York.  Plaintiff in response argues (somewhat inconsistently) that his request should be allowed because it is narrower than the ACLU request (in the sense that it is limited to the Guantanamo facility) and because it is broader (in the sense that it seeks information regarding the treatment of detainees generally, rather than being limited to possible mistreatment and abuse).  From the court's own comparison of the requests, it is apparent

---

[1] Oleskey, an attorney, filed this action on behalf of six Algerian residents of Bosnia-Herzegovina who are being held at the Guantanamo internment camp on suspicion of terrorist activity.

that in perhaps all but one instance the material ordered produced by Judge Hellerstein to the ACLU encompasses the material sought by plaintiff.

The possible exception is plaintiff's request 10(f), which seeks "[r]ecords concerning any procedures, <u>instructions</u>, <u>orders</u>, or guidance provided to medical personnel with respect to their duties at Guantanamo." (Emphasis added). It may be a case of over-parsing, but I suppose it is open to the government to argue that the ACLU's related requests, which are framed in terms of "policies, guidelines, and procedures" regarding the treatment of detainees by medical personnel do not include "instructions and orders" that might contradict written policies, or might not directly relate to allegations of torture and abuse in the context of interrogations. The government will therefore within seven (7) days of the date of this Order, indicate to the court whether its understanding of its obligations under Judge Hellerstein's Order encompass the full range of material sought in plaintiff's request 10(f).

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

3