UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHEN H. OLESKEY, <br><br> ON BEHALF OF GUANTANAMO DETAINEES LAKHDAR BOUMEDIENE; MOHAMED NECHLA; MUSTAFA AIT IDIR; SABER LAHMER; HADJ BOUDELLA; BELKACEM BENSAYEH, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF DEFENSE and UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendants | Civil Action No. 05-10735 RGS |

**DEFENDANTS' RESPONSE TO
MEMORANDUM AND ORDER DATED AUGUST 22, 2005**

On August 22, 2005, this Court ordered defendants to indicate to the Court whether its understanding of its obligations under Judge Hellerstein's Order in <u>American Civil Liberties Union, et al.</u> v. <u>Department of Defense, et al.</u>, No. 04-CV-4151 (AKH), encompass the full range of material sought in plaintiff's request 10(f). As is explained more fully below, the answer is yes.

As set forth in Defendants' Response to Plaintiff's Supplemental Memorandum, the parties in the ACLU litigation have entered into an agreement entitled "Revised Scope of DoD Searches and Processing," a copy of which is attached hereto, which provides, in pertinent part, that the scope of the ACLU request as to the Department of Defense includes:

    5. Documents reflecting policies of DoD or any of its components relating to the treatment of detainees since September 11, 2001 at DoD military bases or DoD detention facilities.  This is limited to documents which:

    a) set forth, contain or refer to policies, guidelines and procedures relating to physical or mental abuse or mistreatment of such detainees; or

    b) set forth, contain or refer to the techniques authorized and prohibited in the course of detention, punishment and/or interrogation of such detainees; or

    c) set forth, contain or refer to <u>policies, guidelines and procedures relating to the role of medical personnel in the interrogation of such detainees, including assessments of such detainees</u>.

The Department of Defense understands its obligations under this Revised Scope of DoD Searches and Processing, and Judge Hellerstein's Order dated March 22, 2005, to encompass the full range of materials sought in plaintiff's request 10(f), which seeks the following:

    **10.** Medical records and information concerning Requesters, including, without limitation:

    \*   \*   \*

    **f)**    Records concerning any procedures, instructions, orders or guidance provided to medical personnel with respect to their duties at Guantanamo.

In particular, and in response to the precise issue identified by this Court in its Memorandum and Order dated August 22, 2005, the Department of Defense understands its obligations under the Revised Scope of DoD Searches and Processing, and Judge Hellerstein's Order dated March 22, 2005, to include "instructions and orders" that might contradict written policies, or might not directly relate to allegations of torture and abuse in the context of interrogations of detainees being held at Guantanamo Bay.

.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:  /s/ Mark T. Quinlivan
       MARK T. QUINLIVAN
       Assistant U.S. Attorney
       John Joseph Moakley U.S. Courthouse
       One Courthouse Way, Suite 9200
       Boston, MA 02210
       617-748-3606

Dated: August 29, 2005

# ATTACHMENT

ACLU v. DoD, et al.
Revised Scope of DoD Searches and Processing

1. Documents containing information concerning or derived from investigations or inquiries conducted by any official, officer, or employee of the Department of Defense ("DoD") or one of DoD's components into allegations of physical or mental abuse or mistreatment of detainees since September 11, 2001.

2. Documents containing information concerning disciplinary or judicial proceedings conducted within DoD, or any of DoD's components, which arise from or relate to allegations of physical or mental abuse or mistreatment of detainees since September 11, 2001.

3. Documents generated on the basis of allegations of physical or mental abuse or mistreatment of detainees at military bases or detention facilities since September 11, 2001, including but not limited to documents that reference, report, summarize or evaluate such allegations.

4. Documents relating to deaths of detainees at DoD military bases or DoD detention facilities since September 11, 2001, including autopsy reports, death certificates, reports of investigations and inquiries, and disciplinary and judicial proceedings.

5. Documents reflecting policies of DoD or any of its components relating to the treatment of detainees since September 11, 2001 at DoD military bases or DoD detention facilities. This is limited to documents which:

    a) set forth, contain or refer to policies, guidelines and procedures relating to physical or mental abuse or mistreatment of such detainees; or

    b) set forth, contain or refer to the techniques authorized and prohibited in the course of detention, punishment and/or interrogation of such detainees; or

    c) set forth, contain or refer to policies, guidelines and procedures relating to the role of medical personnel in the interrogation of such detainees, including assessments of such detainees.

The term detainees shall be limited to detainees held by the United States in Iraq, Afghanistan, Guantanamo or other overseas locations in connection with the Iraq or Afghanistan conflicts or the "war on terrorism."

Plaintiffs have limited their request to exclude publicly available documents. The term publicly available documents means news articles, press releases and any and all documents that are readily accessible to members of the public through DoD public websites.