UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHEN H. OLESKEY,<br><br>ON BEHALF OF GUANTANAMO INTERNEES<br>LAKHDAR BOUMEDIENE,<br>MOHAMED NECHLA, MUSTAFA AIT IDIR,<br>SABER LAHMAR, HADJ BOUDELLA,<br>AND BELKACEM BENSAYAH,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>DEFENSE AND UNITED STATES<br>DEPARTMENT OF JUSTICE,<br><br>Defendants. | Civil Action No. 05 10735 RGS |

John P. Taitt hereby declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an Associate Deputy General Counsel of the United States Department of Defense ("DOD"). In that capacity, I am responsible for, among other things, overseeing litigation involving the DOD. Unless otherwise indicated, the statements in this declaration are based upon my personal knowledge and information obtained by me in the course of my official duties.

2. This declaration explains the difficulties encountered by the DOD with respect to the production of certain documents responsive to the Plaintiffs' FOIA request by the deadline of September 28, 2005, as established by the Joint Agreement of Counsel, adopted by the Court on July 28, 2005. Specifically, as described further below, a large volume of potentially responsive

documents have been found in the files of the U.S. European Command (EUCOM) and the Department of Defense Criminal Investigation Task Force (CITF). Additional time is required to conduct the review of these materials for potential release, as well as to refer some of these documents to the agencies who originated their contents.

## Background

3. On August 2, 2005, in response to the Joint Statement, the DOD Office of Freedom of Information (DOD FOIA) tasked the DOD Office of Detainee Affairs, Joint Staff, Defense Intelligence Agency, U.S. European Command (EUCOM), U.S. Transportation Command, U.S. Special Operations Command, U.S. Southern Command, Joint Task Force Guantanamo, and the Criminal Investigation Task Force with searching for and providing to the DOD FOIA office documents responsive to paragraphs 1-13 and 16 of the Plaintiffs' FOIA request. DOD FOIA established a deadline of August 31, 2005 for each requested agency to provide a response to the task request. In addition, the DOD General Counsel's office initiated a search for responsive documents within its offices.

4. To date, DOD FOIA has received and is processing records from the Office of Detainee Affairs, Joint Staff, Defense Intelligence Agency, U.S. Southern Command, U.S. Transportation Command, Joint Task Force Guantanamo, and the Criminal Investigation Task Force. The U.S. Special Operations Command provided a no records response.

5. Except as noted below, all responsive and releasable documents will be provided to Plaintiffs by the DoD on October 7, 2005.

## Processing of Documents under FOIA

6. Once DOD FOIA receives documents responsive to a FOIA request, members of the DOD FOIA staff will review the documents and the redactions proposed by the providing agency. How DOD FOIA handles the document next depends upon the source of the information contained in the document.

7. If the agency providing the document to DOD FOIA created the document without reference to information from other government agencies, DOD FOIA will prepare the document for release, with any appropriate redactions, or denial in full, as warranted. If the document provided by the responding agency is classified and that agency has the authority to make classification decisions regarding the information in the document, DOD FOIA can process the document based on the decisions made by the responding agency. .

8. However, if the document has information derived from another agency's document or that originated with another agency, that document must be referred to the other agency for FOIA review and a determination whether any of the information is exempt under the FOIA. In many cases, the agency making the release determination is outside of the DOD (e.g. Department of State, FBI). In those instances, the documents are referred with instructions to respond directly to the requester or, if the case is in litigation, to the Assistant United States Attorney representing the DOD. If the documents are referred to another DOD agency for review, the DOD agency responds back to DOD FOIA. These procedures are provided in DOD Regulation 5400.7-R (see 32 CFR 286).

## Organizations Requiring Additional Time to Complete Search for and Processing of Responsive Records

### EUCOM

9. In early September 2005, the EUCOM FOIA office initially informed DOD FOIA of a "no records" response to the Plaintiff's FOIA. A further review of this request led to a search of the EUCOM Joint Analysis Center (JAC).

10. On September 13, 2005, the JAC informed DOD FOIA that its search had found approximately 8700 documents potentially responsive to paragraphs 1 – 13 and 16 of Plaintiffs' FOIA request, of an average length of 3 to 5 pages. Many of these documents originated from agencies outside of the JAC and EUCOM. These documents are a mix of finished intelligence products, message traffic, working documents, briefings, and foreign government products. On September 16, 2005, after further analysis, the JAC revised its estimate to over 10,000 potentially responsive documents consisting of over 20,000 pages.

11. As of September 21, 2005, the JAC had expended over 425 man hours for the search and had reviewed over 60,000 documents to determine if they were responsive to the Plaintiffs' request. In addition, the JAC team had devoted 188 man hours to coordination and administration of the search. The JAC anticipates that at least 200 additional hours will be required to complete the search.

12. Most of the documents identified so far are classified with approximately one-fourth of them at the Top Secret level or above. These documents require special handling.

13. To date, the JAC search team has identified approximately 3000 documents that originated from other Government agencies or foreign governments. The JAC anticipates that

they will locate several hundred more potentially responsive documents. These documents will require further review to determine which U.S. Government agency will need to conduct a further review of the document for FOIA exemptions.

14. To date, the JAC has identified approximately 970 EUCOM "products" of various kinds, to include internal documents, analyst reports and other items prepared in EUCOM's normal course of business. Several hundred more may yet be identified before the initial search is completed. Of the documents so far identified, the JAC has reviewed about 330 documents through initial review and redaction and approximately 142 of those have been through a second review. Most of these documents are analyst reports and contain classified information derived from other sources. In order to determine what information, if any, can be released, the JAC must conduct a further review of the document and determine the source of the classified portions of the product. This effort will require extensive research and manpower to conduct. Since the JAC does not have classification authority, the documents must then be sent to the agency from which the classified information derived for review.

15. So far, upwards of 60 personnel at EUCOM have been involved in the search, classification review, and redaction process. These people are employed in eight divisions in the JAC and four reserve units. This kind of commitment will be necessary to complete the additional reviews and referrals, discussed above, to determine the proper classification authority for the item. Overall, the JAC will require several months and significant resources to complete its review of the documents so far discovered. Conducting this review requires not only a proper clearance, but an understanding of the nature of the JAC's mission in intelligence analysis and an understanding of JAC's role and interaction with other agencies in prosecuting the War on

Terrorism. Consequently, the persons conducting the review of these documents in response to Plaintiff's FOIA request are the very same people who support the JAC's day-to-day mission.

16. The JAC is a small organization. Approximately 541 people are assigned to or employed at the JAC Directorate of Operations. Persons assigned are funded under Title 10 to accomplish vital mission areas regarding national security in the EUCOM Area of Responsibility, which encompasses Eurasia, Middle East and Africa. Individuals thus tasked with reviewing documents for this FOIA request are already heavily engaged in the Global War on Terrorism.

17. Up to this point, over 10 percent of the directorate has been engaged in responding to this FOIA request. Two teams have been completely dedicated to the task, resulting in a serious compromise of the accomplishment of their primary duties. The time needed for the remaining elements of the task will depend on several variables to include the manning and expertise available, the amount of corrections required, and the time necessary to coordinate documents. Reduced manning and turnover of personnel assigned to this FOIA "Task Force" environment means that the expertise developed cannot by maintained in the numbers needed to sustain the current pace of production. A 6 month extension in responding to this FOIA will enable the EUCOM JAC the capability to maintain efforts in countering terrorism without significant mission degradation.

### DoD General Counsel

19. To date, the Department of Defense General Counsel's (GC) office has found approximately 330 pages of documents that are potentially responsive to the Plaintiff's request. GC is still engaged in a search for responsive documents in its various divisions and records

systems. By December 7, 2005, the DoD will produce any non-exempt responsive documents that do not require referral.

## Documents Requiring Referrals to Other Organizations

20. To date, the agencies who have completed their FOIA searches have identified multiple documents that must be referred to other agencies or DOD departments for processing before they can be produced under FOIA, as discussed in paragraph 8 above.:

a. The Defense Intelligence Agency (DIA): approximately 415 pages

b. U.S. Transportation Command: approximately 56 pages

c. Joint Task Force Guantanamo (GTMO) and Southern Command: approximately 122 records

d. The Department of Defense Criminal Investigation Task Force (CITF): approximately 200 records

e. DOD General Counsel: approximately 300 pages from search to date. Additional documents will need to be referred based on the completion of the search.

21. By January 7, 2005, the DoD will produce any non-exempt responsive documents that required referral to DoD agencies or to agencies outside DoD.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 28, 2005.

JOHN P. TAITT