UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10735-RGS

STEPHEN H. OLESKEY
on behalf of six named Guantanamo internees

v.

UNITED STATES DEPARTMENT OF DEFENSE and
UNITED STATES DEPARTMENT OF JUSTICE

July 6, 2012

STEARNS, D.J.

Proceedings - LOBBY CONFERENCE AS FOLLOWS:

THE COURT: For the record, I have asked Attorney Quinlivan to attend an ex parte hearing with respect to the response that the government filed to the Court's Order previously sealed on May 8, 2012.

As I have assured opposing counsel, we are not going to discuss the contents of any documents or touch on any matter that involves classified material; rather, that the whole purpose of this meeting is to clarify a sentence in the government's Response about which I am not clear. I want to make sure that I understood what the government is saying it does not object to.

The sentence is the government's statement that it believes that this document,

by that I assume is meant the Response and the Declaration of Mark Harrington, which is attached to the Response, as well as the Court's order "and other documents filed in connection therewith, should be unsealed."

I am clear until I get to "other documents filed in connection therewith."

What I need from Attorney Quinlivan is a list of those documents that the government has in mind that it does not object being placed on the public record.

I think the first three are clear. You are referring to the May 8 Order; your Response and the Declaration, but I just was not clear what is meant by the "other documents."

So all I need do is task Mr. Quinlivan to give me a list, or physical copies, of the documents you had in mind.

MR. QUINLIVAN: I would be happy to do it. Your Honor, I can tell you that I think the only other documents in question are we had filed a motion for an extension of time of 30 days to respond to the Court's order, and your Honor granted that motion. Those were also filed under seal because the order itself was under seal. And so I think those are the only two other documents in question.

THE COURT: Good. So I can be absolutely clear, perhaps we can even do this by the end of business today?

MR. QUINLIVAN: Yes.

THE COURT: If you would just deliver to me those documents so that I can be

absolutely clear what it is that the government was agreeing to, or not agreeing to, since we have had some confusion before on a similar issue.

MR. QUINLIVAN:  Certainly.  I will print them all out and bring them down.

THE COURT:  I assume you have no objection now to this record being made public?

MR. QUINLIVAN:  No objection

THE COURT:  All right.  Then I will ask the court report to transcribe what was just said in the few minutes that we have been meeting, and I will place that on the record in lieu of a clerk's note.

END OF LOBBY CONFERENCE.

(Proceedings adjourned).