UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10735-RGS

STEPHEN H. OLESKEY,
on behalf of six named Guantanamo Detainees[1]

v.

UNITED STATES DEPARTMENT OF
DEFENSE and UNITED STATES DEPARTMENT OF JUSTICE

ORDER OF DISMISSAL

February 1, 2016

STEARNS, D.J.

Everything comes to an end, even litigation. This Freedom of Information Act (FOIA) lawsuit has been pending since 2005. There are now 185 entries on the docket. After years of hearings and pleadings, the only matters remaining in contention are the production of two categories of documents: (1) certain redacted classified emails and Power Point presentations that the court has now inspected three times *in camera*, each time with the same result; and (2) certain cell extraction video tapes which the Government after years of searching represents are either lost (in one

---

[1] The named detainees have long since been released from the Guantanamo Bay military prison and have been relocated to various countries around the world.

instance) or simply do not exist.[2]   While the Government is correct that plaintiff might better have proceeded by way of a motion for reconsideration of the court's prior rulings, in this case form will best yield to substance, as the court is of the view that such a motion would be futile.

With respect to the emails, the law remains clear that source-identifying material is exempt from disclosure under FOIA.  A fourth inspection of the redacted emails and the PowerPoint presentations will not change that fact, nor has plaintiff offered any new information that would suggest that the court overlooked some aspect of the disputed materials.[3] With respect to the videos, the Government states that a diligent (and repeated) search has turned up all that there is to be found (and plaintiff offers no reason to believe otherwise).[4]

---

[2] In that elements of both categories of disputed materials are classified, the court will not provide any greater description beyond what the parties have revealed in their pleadings.

[3] As the Government notes, the court took an extraordinary step in agreeing to an *in camera* inspection of the emails and the PowerPoint presentations in the first place.

[4] In an age of profound distrust of government in general, there may be a reluctance on plaintiff's part to accept the word of a government representative at face value.  In this case, however, an affirmation of the representation comes from an officer of the court, Assistant U.S. Attorney Mark Quinlivan, whom I know by reputation and experience to be a lawyer of the utmost integrity.

Because the court sees nothing of significance to be gained by litigating further these last two matters, which the court deems in any event to have been resolved, the Clerk will enter a dismissal with prejudice and close the case.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE